UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT J. HUTCHINSON,

        Plaintiff,

    v.                                Case No. 22-cv-382-pp

JEFFREY KELLING,

        Defendant.

## ORDER AWARDING ATTORNEY'S FEES AND DIRECTING CLERK TO ENTER JUDGMENT

      On September 14, 2023, the court held a hearing on several outstanding motions; among other things, it granted the defendant's motion to dismiss the plaintiff's amended complaint and to deny any request for leave to amend. Dkt. No. 56 at 1. At the same time, the court granted the defendant's motion for sanctions, concluding that the complaint was objectively unreasonable because the plaintiff had been made aware by two other courts that this court does not have the jurisdiction to grant the relief he requested. Id. The court agreed to award the defendant attorney's fees and costs and barred the plaintiff from future filings. Id. at 1-2. The court explained to the parties that it intended to issue a more detailed, written order and that it would ask the defendant to file its itemization of fees and costs. Id. at 2.

      For several reasons, it took the court until April 17, 2024, to issue the written order memorializing the rulings on the defendant's motion to dismiss

1

the plaintiff's amended complaint and motion for sanctions. Dkt. No. 57. In that ruling, the court ordered that by May 3, 2024, the defendant must file an affidavit or certification detailing the fees related to and associated with defending the case. Id. at 45. As it had said it would during the September 14, 2023 hearing, the court barred the plaintiff from filing any documents or pleadings in this district relating to or arising from the Chapter 128 receivership filed in Waukesha County Circuit by Old MAI and the plaintiff in 2015, or relating to or arising from any of the books, records or assets involved in that receivership or the actions of the receiver or the court in that receivership, until the plaintiff had paid in full all sanctions imposed by courts in this district. Id.

On May 7, 2024—a few days after the deadline the court had set—the defendant filed an expedited motion for extension of time to file the fee request, dkt. no. 58, and a supporting declaration in support of the fees, dkt. no. 59. Seven days later, on May 14, 2024, instead of responding to the defendant's motions, the plaintiff filed a notice of appeal from the court's April 17, 2024 order. Dkt. No. 60. The court granted *nun pro tunc* the defendant's motion for an extension of time but suspended further briefing while the case remained on appeal. Dkt. No. 64.

On July 1, 2024, the Seventh Circuit issued an order explaining that the appeal was limited to the appellate court's review of the portion of this court's April 17, 2024 order that imposed a filing bar against the plaintiff. Hutchinson v. Kelling, Appeal No. 24-1847, Dkt. No. 11. The Seventh Circuit concluded

that the appeal was untimely as to the court's oral ruling granting the motion to dismiss, but premature as to the award of monetary sanctions because that issue was not yet final (this court had not quantified the amount of the sanctions). Id. at 2. The Seventh Circuit stated that this court was "free to resolve this issue while this appeal is pending and is encouraged to do so with alacrity so that any appeal from a fee award may be consolidated and all sanction matters in this litigation may be resolved together." Id.

Based on the Seventh Circuit's ruling, on July 1, 2024 the court issued a text-only order instructing the parties to file their briefs with respect to the attorneys' fees request. Dkt. No. 66. The briefing is complete.

I. **Defendant's Attorneys' Fee Request**

    A. <u>Declaration of Alyssa A. Johnson in Support of Fees</u> (Dkt. No. 59)

In support of the request for fees and costs, the defendant filed the declaration of Alyssa Johnson (one of the attorneys representing him). Dkt. No. 59. Johnson attached true and correct copies of her firm's itemized invoices in connection with its representation of the defendant. Dkt. No. 59-1. She avers that she added the time entries to the itemized invoices and reviewed them for accuracy. Dkt. No. 59 at ¶2. She avers that the defendant incurred the listed fees and costs in defending against the plaintiff's frivolous claims in this case. Id. at ¶2. Johnson avers that between January 2022 and the date on which she filed her declaration, her law firm incurred legal feels totaling $18,200 and costs of $69.06 (for the cost of a FedEx shipment to the plaintiff). Id. at ¶3.

3

Johnson represents that her hourly rate was $260, with a total of seventy hours spent working on the case. Id. at ¶5.

      B.    <u>Plaintiff's Response to Defendant's Requested Attorney's Fees and Motion to Stay</u> (Dkt. No. 67)

The plaintiff did not respond to the declaration—he has not addressed the defendant's fee request. He asserted that the court has refused him access to the electronic filing system, which he argues subjects him and other self-represented litigants to costs, delivery delays and a loss of time to prepare the pleadings. Dkt. No. 67 at 1. He asks the court to stay the case because the "district court has sat silent and has not taken steps to correct the record since the Seventh Circuit's decision." Id. at 2. The plaintiff believes that this court misrepresented the record in its text only order and has failed to clarify that it ruled in the April 17, 2024 written order rather than at the September 14, 2023 hearing. Id. at 2. He asks the court to stay further proceedings pending the Seventh Circuit's ruling on his motion for reconsideration "or pending resolution of any subsequent administrative investigation, finding and decision on misrepresentations in the record." Id. at 3. The plaintiff attached eleven pages of exhibits, including the court's text-only order and the brief that he filed with the Seventh Circuit. Dkt. No. 67-1.

      C.    <u>Defendant's Reply Brief</u> (Dkt. No. 68)

The defendant replies that the plaintiff failed to respond to the request for the award of fees and that he provided no basis for entering a stay. Dkt. No. 68 at 1. He asserts that the plaintiff's response did not address the defendant's requested fees and therefore that the plaintiff has waived his right to raise any

4

argument regarding the requested fees. Id. The defendant asks the court to award the requested fees in their entirety. Id. at 2. The defendant argues that the hourly rate is reasonable because the district previously has awarded a comparable fee rate against Hutchinson. Id. (citing Hutchinson v. Kelling, Case No. 20-cv-1264 (E.D. Wis. Aug. 9, 2021)).

D. Analysis

The plaintiff based his request to stay further proceedings before this court on the fact that he had a motion to reconsider pending before the Seventh Circuit, but on July 15, 2024, the Seventh Circuit denied the plaintiff's motion to reconsider. Hutchinson v. Kelling, Appeal No. 24-1847, Dkt. No. 12. The plaintiff hasn't articulated any other reason for this court to delay its ruling on the defendant's fee request.

The court made clear in its April 17, 2024 written order that that order memorialized its previous oral ruling. Dkt. No. 57 at 1, 3. The court acknowledged that the written order had been "far too long in coming," and how, in response to the parties' repeated requests for the status of the written decision, the court's staff had repeatedly stated that the "court [was] aware that it need[ed] to issue an order and that it [would] do so when it [was] able." Id. The court apologized to the parties for the delay before addressing the plaintiff's "troubling pattern of conduct." Id. But despite its delay in issuing the written memorialization, the court *did* rule from the bench on September 14, 2023, unequivocally granting the defendant's motion to dismiss the plaintiff's amended complaint and granting the defendant's motion for sanctions. Dkt.

5

No. 56 at 1. The April 17, 2024 written ruling was *nunc pro tunc*. See Krull v. Celotex Corp., 827 F.2d 80, 83 (7th Cir. 1987) (finding a written ruling *nunc pro tunc* when the court had issued an oral ruling in the presence of all the parties and the written opinion "essentially repeated the prior ruling, without substantive changes"). The only substantive differences between the September 2023 oral ruling and the April 17, 2024 written ruling memorializing that oral ruling were that the written ruling set a briefing schedule on the amount of the costs and fees.

As the court has twice explained, it granted the defendant's motion for Rule 11 sanctions because the plaintiff engaged in sanctionable conduct. The plaintiff filed a complaint that was objectively unreasonable, given the number of times the plaintiff had been told he could not reopen or revisit the receivership. Dkt. Nos. 21, 57 at 42-43. Under Rule 11(c)(1), the court has the authority to impose a sanction that deters repetition of the conduct and may award reasonable fees and other expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4).

The court granted the motion for sanctions and awarded "reasonable attorney's fees as a sanction for filing this case" with the intent of deterring any further attempts by the plaintiff to reopen or revisit the 2016 receivership in federal court. Dkt. No. 57 at 43. Johnson avers that the itemized invoices are a "true and correct itemization of the actual attorney's fees and costs [the defendant] incurred defending against Plaintiff's frivolous claims in this action. The redactions of entire line items are for other suits [the plaintiff] filed against

6

[the defendant] and others, and have been excluded from the fee request." Dkt. No. 59 at ¶2. The court has reviewed the time entries on the invoices submitted by Johnson and finds them to be reasonable. The court similarly finds the $69.06 paid to Fed Ex for a shipment to the plaintiff to be reasonable.

The court **AWARDS** the defendant attorney's fees in the amount of $18,200 and costs in the amount of $69.06 for a total of $18,269.06. The plaintiff must pay that amount to the law firm of Barron & Newburger PC by the end of the day on **January 31, 2025**.

The court **DIRECTS** the clerk to enter judgment.

The court **ORDERS** that the defendant must file a written notice with the court when it has received the funds from the plaintiff.

The court reminds the plaintiff that the filing bar imposed in the April 17, 2024 order remains in place. The plaintiff may not file any documents or pleadings in this district relating to or arising from the chapter 128 receivership filed in Waukesha County Circuit by Old MAI and the plaintiff in 2015, or relating to or arising from any of the books, records or assets involved in that receivership or the actions of the receiver or the court in that receivership, until all sanctions imposed by courts in this district have been paid in full.

Dated in Milwaukee, Wisconsin this 20th day of November, 2024.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**

7

Case 2:22-cv-00382-PP    Filed 11/20/24    Page 7 of 7    Document 69